# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SOUTHERN ROCK, INC., ET AL.,<br>    Plaintiffs, | |
| v. | CASE NO. 11-CIV-257-RAW |
| MICHAEL SHAWN SUMMERS, ET AL.,<br>    Defendants. | **LEAD CASE**<br>**Consolidated with:** |
| **AND** | |
| FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR THE FIRST NATIONAL BANK OF DAVIS, DAVIS, OKLAHOMA,<br>    Plaintiff,<br><br>v.<br><br>SOUTHERN ROCK, INC., ET AL.,<br>    Defendants. | CASE NO. 11-CIV-368-RAW<br><br>**MEMBER CASE** |
| **AND** | |
| CUSTOM STEEL STRUCTURES, INC.,<br>    Plaintiff,<br><br>v.<br><br>FDIC, AND SOUTHERN ROCK EQUIPMENT, INC.,<br>    Defendants. | CASE NO. 12-CIV-016-RAW<br><br>**MEMBER CASE**<br><br>Transferred from the United States District Court for the Western District of Texas, Waco Division, Case No. 11-CIV-141 |

## ORDER

Before the court is the motion of Custom Steel Structures, Inc. ("CSS") for interlocutory order and interim award of attorney's fees. On May 27, 2011, CSS filed a complaint for interpleader in the United States District Court for the Western District of Texas against Southern Rock Equipment, Inc. ("SRE") and the Federal Deposit Insurance Corporation ("FDIC"), in its capacity

as receiver for the First National Bank of Davis, Oklahoma. CSS alleged that it owed $363,749.77 to SRE and that the FDIC had asserted an interest in those funds. CSS requested entry of an order permitting CSS to deposit the funds into the court's registry, to dismiss it from this action, and to discharge it from any further liability to the FDIC. On July 12, 2011, SRE filed its answer to the interpleader complaint and a counterclaim against CSS for breach of contract.[*] SRE also asserted cross-claims against the FDIC for tortious interference with an existing contract and for a declaratory judgment.

On January 12, 2012, the case was transferred to this court. On June 4, 2012, the court entered an order permitting CSS to deposit the funds into the court's registry. In the present motion, CSS seeks release and discharge from this case and an award of reasonable attorney fees in an amount totaling $14,737.50. The FDIC objects to the motion solely as to the award of attorney fees. The FDIC states: (1) any award of fees and costs in favor of CSS should be against Southern Rock Equipment, Inc. and/or Southern Rock, Inc. and not the FDIC; (2) it would be unfair and unjust to the FDIC if any award of fees and costs is paid from the interpleader funds; (3) to the extent CSS is awarded fees and costs against the FDIC, such award should be significantly less than the amount sought by CSS; and (4) any award of fees and costs against the FDIC can and must be paid through a receiver's certificate and not from the interpleader funds. CSS did not file a reply, which might have proven helpful as to its view of the FDIC's objection.

There appears to be no impediment as to dismissal of CSS, but the fee issue is uncertain. In this regard, "[a] federal court has discretion to award costs and counsel fees to the stakeholder in an interpleader action . . . whenever it is fair and equitable to do so." 7 Wright, Miller & Kane, Federal

---

[*]The counterclaim was dismissed without prejudice by agreement on April 19, 2012 (#37).

Practice and Procedure, §1719 at 675 (3d ed. 2001)(footnote omitted). The treatise also says such payment "depletes the fund" (*Id.* at 677), which indicates that such payment does in fact come out of the interpleader funds. On the other hand, "[t]he stakeholder's attorney's fees and costs may not be awarded against the United States or against a fund to which the United States asserts a right." *Id.* at 690 (footnote omitted). The court is persuaded (although no authority on the issue has been found) that the FDIC is a sufficient representative of the United States in this case for the foregoing principle to apply. The court will dismiss CSS as a party at this time, but allow the filing of an application for fees at the conclusion of the litigation.

It is the order of the court that the motion for interlocutory order and award of interim fees (#100) is GRANTED in part and DENIED in part. CSS is dismissed as a party. CSS may file a renewed application for payment of fees and costs pursuant to the schedule set forth in Local Civil Rule 54.2 after litigation has concluded.

Dated this 21st day of November, 2012.

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma